UNITED STATES of America,
Appellee,

v.

Mills SKINNER, Appellant.

No. 224, Docket 30821.

United States Court of Appeals
Second Circuit.

Argued Nov. 21, 1966.

Decided July 31, 1967.

David M. Dorsen, Asst. U. S. Atty., Robert M. Morgenthau, U. S. Atty., S.D. N.Y., for appellee.

John A. Howson, New York City (Anthony F. Marra, New York City, on the brief), for appellant.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

WATERMAN, Circuit Judge:

Appellant Mills Skinner and his codefendant Haywood Williams were tried under an indictment filed in the United States District Court for the Southern District of New York charging violations of the federal narcotics laws, 21 U.S.C. §§ 173–174. The first count charged that from April 1, 1963 to the indictment date Skinner and Williams conspired to and did receive, conceal, sell and facilitate the transportation, concealment, and sale of approximately 17.70 grams of illegally imported heroin. The overt acts set forth as furthering this alleged conspiracy, and a substantive offense they were charged with in the second count, related to a transaction which occurred on April 26, 1963, involving the sale of approximately 17.70 grams of heroin hydrochloride handed to one John Coursey, an undercover agent of the Federal Bureau of Narcotics, by appellant. Williams was taken into custody on November 5, 1963; appellant on November 20, 1963.

The indictment was filed June 1, 1964, the trial before Judge Metzner, sitting without jury, was held Nov. 24–Dec. 1, 1964, both defendants were found guilty on both counts, and both duly filed notices of appeal on Dec. 8, 1964. Williams timely perfected his appeal on February 5, 1965, it became No. 29486 on our court docket, and it was argued June 7, 1965.

We affirmed the conviction of Williams on April 26, 1966, United States v. Williams, 384 F.2d 488, decision having been reserved until certain in banc

cases were disposed of, see 384 F.2d 488 at 490, and footnote 3. Certiorari in Williams was denied Oct. 11, 1966, 385 U.S. 836, 87 S.Ct. 84, 17 L.Ed.2d 71.

Appellant's record on appeal was not filed in our court until November 10, 1966, though it was assigned a docket number, No. 30821, during the first week of the September 1966 Term.

So, although both appellant and Williams were arrested and indicted prior to the decision of the Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and were tried after that decision and before the decisions in Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the appeal of Williams was heard between the *Escobedo* and *Miranda* decisions, and the present appeal was heard after *Miranda* and *Johnson*.

The problems presented to us in *Williams*, supra, have therefore been greatly clarified when again presented to us in the present appeal.

Appellant does not contest the sufficiency of the evidence supporting his conviction; his only ground for appeal is that his constitutional rights were violated because of the admission into evidence of post-arrest statements which he claims were not voluntary.

Without any previous warning Williams had been arrested while seated in his automobile at 3 A.M. on November 5, 1963. Skinner was arrested at about 9 A.M. on November 20 on a street corner near his home at 145th St. in Manhattan, through a pre-arrangement worked out by Williams, who was on bail, the narcotic agents and appellant, that appellant would surrender himself at that time. At the time of his arrest he was warned that anything he said might be used against him. He did not ask for legal counsel and he was not told that he could have counsel if he wished. The agents questioned him as they drove the length of Manhattan downtown to the Bureau of Narcotics at 90 Church Street, and during the trip he admitted that he had made the delivery of narcotics for which he had been indicted. Skinner was processed at the Bureau and then was taken to the U. S. Court House where at about 12 noon he was interviewed by an assistant United States Attorney who fully informed Skinner of his rights, including his right to counsel. Yet, having been so informed, Skinner then, during a 17-minute interview, gave the rest of the incriminating statements he now claims were not voluntary. This procedure was like the procedure that was accorded to Williams two weeks previously, except that, of course, in Williams's case he had been incarcerated in the Federal House of Detention from the early hours of the morning until he was taken to the Bureau for processing. There was no such custodial interference with appellant Skinner.

The trial court considered all the factors involved in the situation when these statements were given, and concluded that Skinner had talked voluntarily. We accept this finding made by the district judge and agree that the appellant utterly failed to advance any credible evidence that his inculpatory remarks were coerced. It is true that the arresting agents did not inform Skinner of his right to counsel, but—under the interpretation placed upon Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, prior to Miranda v. State of Arizona, by the majority of our court in banc—he need not have been so informed, see United States v. Williams, supra, 384 F.2d at 490, United States v. Drummond, 354 F.2d 132, at 147 (1965), cert. denied, 384 U.S. 1103, 86 S.Ct. 1968, 16 L.Ed.2d 1031 (1966). Certainly Skinner was not prejudiced by the omission, for he did not avail himself of the services of counsel when the suggestion was made to him in the subsequent interview with the assistant United States Attorney later that morning.

Skinner claims he made his admissions because he was addicted to nar-

cotics and at the time of questioning was "sick" from lack of the drugs. This claim is refuted by the facts. Skinner voluntarily submitted to a daytime arrest and all the statements were made within about 3 hours of the arrest.

Skinner's only other claim of coercion was that he was visited by one of the arresting agents on the evening before the arrest and told that his bail would be set much higher if he failed to "cooperate" than if he did cooperate. The agent denied the meeting. The trial judge resolved this conflict in favor of the agent; and, indeed, in view of the fact that Skinner was not placed under arrest until the morning following this alleged visit and that on that occasion he voluntarily surrendered himself, it would strain one's credulity to credit the appellant's story.

Affirmed.